**In the Matter of Samuel COOPER III, Respondent, A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 89–SP–1314.**

District of Columbia Court of Appeals.

Argued June 22, 1992.

Decided Sept. 25, 1992.

Michael S. Frisch, Asst. Bar Counsel, with whom Wallace E. Shipp, Jr., Deputy Bar Counsel, Washington, D.C., was on the brief, for Office of Bar Counsel.

Joan L. Goldfrank, Washington, D.C., for Bd. on Professional Responsibility.

Patrick M. Sheller and David Enrico Reibel with whom Richard A. Feinstein, Washington, D.C., was on the brief, for respondent.

Before FERREN and STEADMAN, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

■ This disciplinary matter is before us for a second time. In *In re Cooper*, 591 A.2d 1292 (D.C.1991) ("*Cooper I*"), we accepted the Board's conclusion that Cooper

---

**5.** *See, e.g., Danann Realty Corp. v. Harris,* 5 N.Y.2d 317, 184 N.Y.S.2d 599, 157 N.E.2d 597 (1959).

had misappropriated his client's money,[1] but remanded to permit the Board to make an appropriate recommendation of sanction in light of our decision in *In re Addams*, 579 A.2d 190 (D.C.1990) (en banc). The Board has now renewed its recommendation to us that Cooper be suspended for six months with a requirement of proof of fitness as a condition of reinstatement. We accept this recommendation.

## I

In *Cooper I*, we noted that *Addams* had made clear that "misappropriation of client funds in cases involving more than simple negligence [should] ordinarily result in disbarment even though the proof does not rise to the level of willful corruption." 591 A.2d at 1297. Accordingly, we said that the Board should state whether in this case, Cooper's behavior pursuant to "a truly held, albeit inaccurate, understanding" of his right to withdraw the funds [2] "involved on the one hand only simple negligence or its equivalent, or on the other hand something more serious than simple negligence." *Id.* at 1298.

The Board in its renewed recommendation to us states that it is relying, *inter alia*, on our decision imposing a six-month sentence in *In re Evans*, 578 A.2d 1141 (D.C.1990), which it believes was "factually similar" to this case. In *Evans*, the attorney had applied client's funds to attorney's fees without actual authority but with the "objectively reasonable, albeit erroneous, belief" that his action was proper.

■ In *Cooper I*, we recognized that Cooper's state of mind could render his action the "equivalent" of simple negligence, or it could involve "something more serious." [3] We cannot say with certainty that the Board, in evoking *Evans*, necessarily was of the view that Cooper's mistaken belief was objectively reasonable, like Evans'. However, given the specificity of our remand, we do conclude that, to the extent that Cooper's belief was not well founded in fact, the Board in effect considered that his failure to understand the true state of his authority in this family dealing involved simple negligence or its equivalent, at least so as to warrant no greater penalty than that imposed in such cases.[4]

## II

Cooper takes exception to the Board's recommendation that he be required to establish fitness as a condition of reinstatement, pursuant to D.C.App.Bar R. XI, § 3(a)(2). In connection with *Cooper I*, Cooper argued that his admitted cocaine addiction should be taken into account as a mitigating factor. We upheld the Board's determination that Cooper had failed to show a nexus between his addiction and the misconduct in question.

■ Cooper now invokes our holding in *In re Peek*, 565 A.2d 627 (D.C.1989). In that case, we held that "unless a causal

---

1. The relevant facts are fully set forth in the prior opinion. In brief, Cooper handled several legal matters for his sister-in-law and her husband. He placed the proceeds of two settlement checks in an escrow account, and withdrew funds from time to time purportedly in payment of various obligations owed him by his in-laws. Cooper and his wife separated after the events in question.

2. In light of *Cooper I*, we accept respondent's innocent frame of mind as an operative fact.

3. Bar Counsel in urging disbarment asserts that the record here "fail[s] to support a finding of mere negligence." This argument, however, is effectively precluded by the terms of our remand order, which recognized that a determination of "mere negligence or its equivalent" is a permissible option on this record.

4. It is true that the Board perceived a finding of dishonesty as the normal line between disbarment and some lesser sanction. That such a finding is not an absolute prerequisite is now clear from our holding in *In re Micheel*, 610 A.2d 231 (D.C.1992), where we found the *Addams* presumption applied in a case of misappropriation involving recklessness and followed the Board's disbarment recommendation. In any event, we see no reason not to heed Bar Counsel's strong urging that no further remands be made in this much protracted proceeding, and note that the Board, far from recommending disbarment or any sanction close to it, has reaffirmed its recommendation for a six-month suspension.

nexus can be shown between [Peek's mental] depression and the misconduct, the depression can be used neither in mitigation, nor for enhancement of sanction." *Id.* at 633 (citation omitted). In the case before us, however, we have an attorney who has admitted to conduct which on its face constitutes a violation of criminal law. See D.C.Bar R. XI, § 10 ("Disciplinary proceedings based upon conviction of crime"). *Cf. In re McBride,* 602 A.2d 626 (D.C.1992) (conviction of crime of moral turpitude mandates disbarment). We think the Board was quite justified in concluding that "[w]e would be disregarding reality if we adopted an approach under which ... we could not consider the addiction in shaping our recommended sanction." Furthermore, since Cooper had already had an opportunity to persuade the Board that his addiction was no longer a relevant factor,[5] we think the Board was justified in not reopening the proceeding for this purpose upon the limited remand, but instead deeming it "more appropriate to examine that issue when it is time for Cooper to re-enter practice."

In sum, our rules require that this court "shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C.Bar R. XI, § 9(g). Under this standard, we accept the Board's recommendation here. Accordingly, it is

ORDERED that Samuel Cooper III shall be suspended from the practice of law in the District of Columbia for a period of six months, effective thirty days from the date of this opinion, and thereafter until reinstated upon proof of rehabilitation pursuant to D.C.Bar R. XI, § 16.

*So ordered.*

---

**5.** The Board agreed with the Hearing Committee's finding that Cooper had not met the burden of "show[ing] by clear and convincing evidence significant steps toward rehabilitation or that reoccurrence of the addiction in the foreseeable future is not probable."